**In re Jay H. TAYLOR, Petitioner.**

Court of Appeals of Kentucky.

Dec. 18, 1959.

Jay H. Taylor, Pineville, for appellant.

PER CURIAM.

In 1944 Jay H. Taylor was deprived of his right to practice law. The complaint seeking his disbarment alleged two grounds: (1) That he had been convicted of a felony; and (2) that he had aided in the perpetration of a fraud upon the court. The trial committee of the Kentucky State Bar Association, appointed to conduct a hearing, passed over the first charge and recommended his disbarment on the second.

The pertinent facts in connection with the accusation of the fraud, which resulted in the action taken, were: Taylor was the defendant in a trumped-up divorce action to dissolve a marriage which never existed between him and his common-law wife; he sat by during the taking of depositions and permitted false evidence of the purported marriage to be presented without denial; he then sought to secure entry of the decree in the Bell Circuit Court as of a date

eleven days before the lower court had read the record and had adjudged the divorce should be granted; and, upon the refusal of the circuit clerk to enter the judgment as desired, he took the record and kept it until it was requested by the trial committee and produced by him at the time of the inquiry into this charge of unprofessional conduct. Taylor testified he committed all these acts of misconduct because he wanted to protect the good name of the woman involved.

This Court, upon a review of the proceeding, upheld the recommendation of the Board of Bar Commissioners based upon 300 Ky. 448, 189 S.W.2d 403. On January 20, 1959, Taylor filed his application for reinstatement as a member of the Kentucky State Bar Association and for resumption of his right to practice his profession.

On April 17, 1959, a trial committee appointed by the Board of Bar Commissioners had a hearing on Taylor's application in the courthouse at Pineville. There appeared on behalf of applicant the circuit judge and the Commonwealth's attorney of the judicial district in which he resides; the county judge, county attorney, jailer and superintendent of schools of Bell County; the state representative from Bell County; the United States Commissioner of Middlesboro; and two ministers of different religious congregations from that county. The sheriff of Bell County, although not appearing at the hearing, submitted a letter which is filed in the record. No witness appeared in opposition to the application, although the witnesses who testified for applicant stated that it had been known in Bell County for some time that such a hearing would be held at the time and place of the hearing.

All of the witnesses mentioned in the preceding paragraph testified positively that applicant had repented of his prior wrongs and misdeeds, had changed his way of life and was living discreetly. The evidence showed that applicant had quit drinking, which was an old vice, that he took his children to Sunday School and that he himself

taught a Bible class and was attending church regularly.

Taylor is now 71 years of age. Present in the courtroom throughout the proceedings were the wife and two small children of applicant, together with a married daughter by a prior marriage. All of these people were neatly dressed and were of a demeanor and appearance which indicated they were decent, law-abiding people. The two small children of applicant, nine and five years of age, were well-behaved and very bright looking and showed evidence of care and the right kind of upbringing.

It was brought out that applicant has been hard put to support his family and to educate his children. It was asserted that if reinstated to the practice of law there is a demand for his services in Bell County and that he will be acceptable to the public generally as a lawyer; and that, as a result of this, he will be better able to sustain his family and to educate his children. Taylor showed that he has kept abreast of the law and that he would conduct himself in accordance with the requirements of the legal canons of ethics.

Upon the basis of this hearing, the trial committee and the full board of the Bar Commissioners recommend Taylor's reinstatement.

This statement appears in the case of In re Stump, 272 Ky. 593, 114 S.W. 2d 1094–1097:

"Therefore, one proven to have violated those conditions of good behavior and professional integrity annexed to the granting of the privilege of practicing law, in applying for restoration, has the burden of overcoming by persuasive evidence the former adverse judgment on his qualification. In short, if the disbarred attorney can prove after the expiration of a reasonable length of time that he appreciates the significance of his derelictions; has lived a consistent life of probity and integrity, and shows that he possesses that good character necessary to guarantee uprightness and honor in his professional dealings and the faithful discharge of his duties as a lawyer, and therefore is worthy to be restored, the court will so order."

We are persuaded applicant's private and public life, covering a good many years, indicates he meets the tests laid down in the Stump case. Accordingly, it appears that justice requires he be given a second chance.

Therefore, it is ordered that applicant, Jay H. Taylor, be reinstated as a member in good standing of the Kentucky Bar Association and restored to the rights and privileges of an attorney at law of the Commonwealth of Kentucky.